Matter of Croghan v Adams (2025 NY Slip Op 01285)

Matter of Croghan v Adams

2025 NY Slip Op 01285

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 157449/22|Appeal No. 3823|Case No. 2024-00714|

[*1]In the Matter of Robert Croghan et al., Petitioners-Appellants,
v
Eric L. Adams et al., Respondents-Respondents.

Law Offices of Leonard A. Shrier, P.C., New York (Leonard A. Shrier of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered January 3, 2024, which denied the petition seeking, among other things, to annul the May 20, 2022 decision of respondent Commissioner of the Office of Labor Relations (OLR) finding that the individual petitioners' job titles were never included on the Official List of Physically Taxing Positions (Official List) and the May 5, 2022 decision of respondent Executive Director of the New York City Employee Retirement System (NYCERS) cancelling additional pension contributions being withdrawn from petitioners' paychecks based on their prior physically taxing status, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The OLR determination that the individual petitioners' job titles of Supervisor of Traffic Device Maintainers (STDM) Levels II and III were not on the Official List after reclassification in 2012 was not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). There is no dispute that the prior job titles of Supervising Superintendent of Maintenance (SSM) Levels I and II were not on the Official List, which was last updated in 2005 (see generally Retirement and Social Security Law §§ 604-c[a][11], 604-d[d][2]; Administrative Code of City of NY §§ 13-101[56], 13-162[l][1]-[2]). The January 25, 2012 resolution of the New York City Department of Citywide Administrative Services (DCAS), whereby SSM Levels I and II were renamed STDM Levels II and III, respectively, dictated that there was "no change in duties or status," and the job descriptions issued at the time of the DCAS resolution show no change in duties. Thus, it was not irrational for OLR to find in 2022 that there had been no change in physically taxing status in 2012. It follows that OLR was not required to notify petitioner union of any intent to remove STDM Levels II and III from the Official List in 2022, as no such removal occurred, and that the individual petitioners were not entitled to retain a physically taxing status under the statutory provisions they cite (compare Administrative Code of City of NY § 13-162[l][7][a], [d]).
Similarly, the determination by NYCERS to cancel the additional pension withdrawals it had been taking from the individual petitioners' paychecks beginning prior to their promotions from a position on the Official List to STDM Level II or III was not arbitrary and capricious or affected by an error of law. NYCERS rationally relied on the alternative payroll code appearing in the relevant time and attendance records, by which NYCERS effected the pension withdrawals and which does not appear on the Official List, to conclude that these additional withdrawals were erroneous (see also Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, [*2]34 NY3d 184, 195 [2019]). Moreover, this conclusion was consistent with OLR's determination.
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025